**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Moore, et al., | No. CV-23-01277-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Cushman & Wakefield U.S. Incorporated, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Partial Summary Judgement. (Doc. 89). The Motion is fully briefed. For the following reasons, the Court grants the Motion.

## I.    BACKGROUND

Plaintiff, Christine Moore, brought a claim against Defendant, Cushman & Wakefield, asserting discrimination and retaliation against her in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 ("ADEA"). (Doc. 90) at SOF 1. In its answer, Defendant plead the affirmative defense of "Failure to Mitigate." (Doc. 13.) At the close of discovery, Plaintiff brought this Motion for Partial Summary Judgement, asserting that Defendant has failed to create a genuine issue of material fact as to the applicability of the affirmative defense.

## II.    LEGAL STANDARD

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is appropriate if the

1    evidence, viewed in the light most favorable to the nonmoving party, shows "that there is

2    no genuine issue as to any material fact and that the movant is entitled to judgment as a

3    matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome

4    of the suit will preclude the entry of summary judgment, and the disputed evidence must

5    be "such that a reasonable jury could return a verdict for the nonmoving party." Anderson

6    v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

7    **III.   ANALYSIS**

8         The doctrine of mitigation of damages prevents an injured party from recovering

9    damages that could have avoided if the injured party had taken reasonable efforts after the

10   wrong was committed. See Jackson v. Shell Oil Company, 702 F.2d 197 (9th Cir. 1983).

11   As the entity asserting an unreasonable failure to mitigate damages, Defendant bears the

12   burden of proof. Id. To avail oneself of the affirmative defense of failure to mitigate, a

13   Defendant must prove "that, based on undisputed facts in the record, during the time in

14   question there were substantially equivalent jobs available, which [the plaintiff] could have

15   obtained, *and* that [the plaintiff] failed to use reasonable diligence in seeking one." Odima

16   v. Westin Tucson Hotel, 53 F.3d 1484 (9th Cir. 1995) quoting EEOC v. Farmer Bros.

17   Co., 31 F.3d 891, 906 (9th Cir.1994) (emphasis in original). Crucially, this is a two-

18   element test. Enriquez v. Gemini Motor Transp. LP, No. CV-19-04759-PHX-GMS, 2021

19   WL 5908208 (D. Ariz. 2021) ("Although other circuit courts have held that a defendant

20   need not prove the availability of substantially equivalent jobs if it can show that the

21   employee failed to use reasonable diligence, the Ninth Circuit has not modified the general

22   rule, which requires the defendant to show both elements."); See also, Bell v. VF Jeanswear

23   LP, No. CV-14-01916-PHX-JJT, 2018 WL 1034952 (D. Ariz. 2018), aff'd, 819 F. App'x

24   531 (9th Cir. 2020);  Kawar v. JPMorgan Chase & Co., No. CV-08-0046-PHX-DGC, 2009

25   WL 1698918 (D. Ariz. 2009).

26         Defendant's opposition can be summarized, in its own words, as follows: "Summary

27   [J]udgment on Defendant's failure to mitigate defense is improper because Plaintiff

28   ultimately accepted an inferior position, and because there is evidence inferring that she

intended to ignore large companies with greater financial upside, contrary to her duty to seek 'substantially equivalent employment.'" <u>See</u> (Doc. 119) at 5. What is notably absent from this opposition, is an indication as to where in the factual record thus developed there is a dispute of material fact as to whether there were substantially equivalent jobs available to Plaintiff. Although citing to <u>Odima</u>, and correctly stating the Ninth Circuit's test on a mitigation defense, Defendant does not address Plaintiff's contention that the record does not contain evidence of substantially equivalent jobs being available.

Defendant's Statement of Facts indicate there are several material factual disputes as to Plaintiff's reasonable diligence in pursuit of substantially equivalent employment. <u>See</u> (Doc. 100) at SOF 12-16. However, none of the provided facts in the record, nor exhibits attached to Defendant's Response, speak on the question of whether there were substantially equivalent jobs available. Looking at the question in a light most favorable to Defendant, as the non-moving party, it could be suggested that there is a dispute as to whether the role of "Operations Manager" at the Cushman & Wakefield office in Phoenix was available employment for Plaintiff. <u>Id.</u> at SOF 12; 14. However, nothing in the record suggests that this is a substantially equivalent position as her previous role as "Director of Operations." Nor does Defendant attempt to argue along such line in its Response to Plaintiff's Motion. <u>See</u> (Doc. 119).

///
///
///
///
///
///
///
///
///
///

1    Therefore, Defendant has failed to show a dispute of material fact as to one of the

2    elements it would have the burden to prove at trial to avail itself of the affirmative defense

3    of failure to mitigate. It is thus proper to grant Plaintiff's Motion for Partial Summary

4    Judgement on the affirmative defense.

5    Accordingly,

6    **IT IS ORDERED granting** the Motion. (Doc. 89).

7    Dated this 18th day of March, 2025.

8

9

10    Stephen M. McNamee

11    Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28